# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

UNITED STATES OF AMERICA,

          Plaintiff,

      v.                         CASE NO. 6:25-cr-10046-EFM

KYLIE CHARLES,

          Defendant.

## INDICTMENT

**THE GRAND JURY CHARGES**:

### Introduction

1. Unemployment Insurance (UI) is a joint state/federal program that is intended to provide temporary financial assistance to workers who are unemployed through no fault of their own. This program ensures that at least a significant portion of the necessities of life, most notably food, shelter, and clothing, are met on a weekly basis while the worker seeks employment.

2. UI beneficiaries who meet the requirements of the applicable state law are eligible for this temporary financial assistance. Each state administers a separate UI program within the guidelines established by federal law, and each state pays only to residents of their own state. Regular UI claimants must be: (a) unemployed through no fault of their own; (b) able and available for work; (c) willing to accept suitable work; and (d) actively seeking work.

3.      On March 13, 2020, the President of the United States declared COVID-19 an emergency under the Robert T. Stafford Disaster Relief and Emergency Assistance Act. As a result, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), which the President signed into law on March 27, 2020.  The CARES Act provided over $2 trillion in economic relief protections to the American people from the public health and economic impacts of COVID-19.

4.      Prior to the enactment of the CARES Act, to be eligible for UI administered by any given state, a person must have been employed and worked in that state, receiving at least a certain amount of wages from an employer in the 12 months preceding his/her UI benefits claim.   Because of this requirement, self-employed workers, independent contractors, and employees with insufficient earnings were not eligible to receive regular UI benefits.

5.      The CARES Act established a new program, Pandemic Unemployment Assistance (PUA), to provide unemployment benefits during the COVID-19 pandemic to people who did not qualify for regular UI benefits.  This included the people who were business owners, self-employed workers, independent contractors, those with a limited work history, and who were out of business as a result of the pandemic.  The PUA program expired on September 6, 2021.

6.      Most states began accepting applications for PUA in approximately May 2020, with an option to backdate the claims to March 2020, and most of the claims were filed online.  Each person who legitimately received UI/PUA funds during the COVID-19

pandemic was to apply on their own behalf, however, there were claims filed using identity theft.  Some UI/PUA applications were not discovered as identity theft initially and benefits were subsequently paid.  Because the PUA claim process during the COVID-19 pandemic did not immediately require supporting documentation of proof of employment or identification verification, the program was a target for fraud and identity theft.

7.      UI/PUA benefits were direct deposited either to a specific bank account number or to a mailed prepaid debit card.  This payment option was elected by the individual completing the application process, often unbeknownst to the victims of the identity theft.  The payment method, bank account numbers, and mailing addresses were changed by the individual who fraudulently filed the claims.  The same names used in the identity theft schemes were then used to file UI/PUA claims in multiple states, and benefits were paid by multiple states as a result.

8.      States required that weekly certifications were completed by the applicant for the weekly UI/PUA benefits to continue.  During the online process, the applicant was required to answer questions and claim that he/she was still able and available for work; willing to accept suitable work; and actively seeking work.

**COUNTS 1-17**

**WIRE FRAUD**
**[18 U.S.C. § 1343]**

9.  On or about the dates alleged herein, in the District of Kansas and elsewhere, the defendant,

**KYLIE CHARLES,**

3

having devised and intending to devise, a scheme to defraud and for obtaining money by means of materially false and fraudulent pretenses, representations, caused to be transmitted by means of wire communications, in interstate commerce, writings, signs, signals, and pictures, and sounds, for the purpose of executing such scheme, to wit: on or about the dates set forth below, the defendant transmitted or caused to be transmitted interstate wire transmissions:

a. Applications for unemployment insurance (UI/pandemic unemployment insurance (PUI)) to the states of Kansas, Arizona, and Ohio, in which the defendant made materially false and fraudulent representations about: the eligibility for UI/PUA, employment history, and/or identity,

b. Thereby causing the states of Kansas, Arizona, and Ohio to transmit, in interstate commerce, money to bank accounts controlled by the defendant, as identified below:

| Count | Date Posted | Wire Transmission | Amount |
|---|---|---|---|
| 1 | 5/10/2020 | Wire transmission of a fraudulent application for UI/PUA in victim L.P.'s name causing the fraudulent transfer of funds from the Kansas Department of Labor to debit card xxxxxxxxxxxx7962 issued by Bank of America. | $2,842.00 |
| 2 | 7/21/2020 | Wire transmission of a fraudulent application for UI/PUA in victim J.W.'s name causing the fraudulent transfer of funds from the Kansas Department of Labor to a Current Bank account xxxx-xxxx-7046 and PayPal account xxxxxxxxxxxx3816. | $12,864.00 |

| Count | Date Posted | Wire Transmission | Amount |
|---|---|---|---|
| 3 | 7/29/2020 | Wire transmission of a fraudulent application for UI/PUA in victim J.G's name attempting to cause the fraudulent transfer of funds from the Kansas Department of Labor. | $0 |
| 4 | 7/29/2020 | Wire transmission of a fraudulent application for UI/PUA in victim C.W's name attempting to cause the fraudulent transfer of funds from the Kansas Department of Labor. | $0 |
| 5 | 8/7/2020 | Wire transmission of a fraudulent application for UI/PUA in victim A.H's name attempting to cause the fraudulent transfer of funds from the Kansas Department of Labor. | $0 |
| 6 | 8/14/2020 | Wire transmission of a fraudulent application for UI/PUA in victim K.H.'s name causing the fraudulent transfer of funds from the Kansas Department of Labor to Metabank account xxxxxxxxxx3578. | $15,384.00 |
| 7 | 10/2/2020 | Wire transmission of a fraudulent application for UI/PUA in victim A.H's causing the fraudulent transfer of funds from the Arizona Department of Economic Security to Current Bank account xxxxxxxx7623. | $468.00 |
| 8 | 10/4/2020 | Wire transmission of a fraudulent application for UI/PUA in victim J.W.'s name causing the fraudulent transfer of funds from the Arizona Department of Economic Security to four different banks with accounts controlled by Kylie Charles: Republic Bank and Trust accounts xxxxx9062 and xxxxx4509, Current bank account xxxxxxxx4742, Sunrise National Bank account xxxxxxxxxxx0056, and Well Fargo Bank account xxxxx3205. | $9,900.00 |
| 9 | 10/22/2020 | Wire transmission of a fraudulent application for UI/PUA in victim K.H.'s name causing the fraudulent transfer of funds from the Arizona Department of Economic Security to three different banks with accounts controlled by Kylie Charles; Current Bank account xxxxxxxx1061, Sunrise National Bank account xxxxxxxxxxx0148, and Republic Bank and Trust account xxxxx8276. | $8,624.00 |

| Count | Date Posted | Wire Transmission | Amount |
|---|---|---|---|
| 10 | 1/9/2021 | Wire transmission of a fraudulent application for UI/PUA in victim A.S.'s name causing the fraudulent transfer of funds from the Arizona Department of Economic Security to three different bank accounts controlled by Kylie Charles: Current Bank account xxxxxxxx7085 and xxxxxxxx5574, and Lili account xxxxxxxx0852. | $7,020.00 |
| 11 | 1/11/2021 | Wire transmission of a fraudulent application for UI/PUA in victim L.P.'s name causing the fraudulent transfer of funds from the Arizona Department of Economic Security to three different bank accounts controlled by Kylie Charles: Current Bank account xxxxxxxx0759 and xxxxxxxx5434, and Republic Bank and Trust account xxxxx3736. | $9,720.00 |
| 12 | 3/13/2021 | Wire transmission of a fraudulent application for UI/PUA in victim A.R.'s name causing the fraudulent transfer of funds from the Arizona Department of Economic Security to two different banks with accounts controlled by Kylie Charles: Current Bank account xxxxx4544 and Sunrise National Bank account xxxxx0114. | $1,620 |
| 13 | 10/6/2020 | Wire transmission of a fraudulent application for UI/PUA in victim J.W.'s name causing the fraudulent transfer of funds from the Ohio State Workforce Agency to an account controlled by Kylie Charles at Evolve Bank and Trust account xxxxxxxx3889. | $15,738.00 |
| 14 | 10/31/2020 | Wire transmission of a fraudulent application for UI/PUA in victim K.H.'s name causing the fraudulent transfer of funds from the Ohio State Workforce Agency to an account controlled by Kylie Charles at Sunrise National Bank account xxxxxxxxxxx0148, two Bancorp accounts including xxxxxxxx3604. | $16,305.00 |
| 15 | 5/11/2021 | Wire transmission of a fraudulent application for UI/PUA in victim A.R.'s name attempting to cause the fraudulent transfer of funds from the Ohio State Workforce Agency. | $0 |

6

| Count | Date Posted | Wire Transmission | Amount |
|-------|-------------|-------------------|--------|
| 16 | 5/12/2021 | Wire transmission of a fraudulent application for UI/PUA in victim A.H's name causing the fraudulent transfer of funds from the Ohio State Workforce Agency to accounts controlled by Kylie Charles at Bancorp Bank account xxxxxxxx8202 and Navy Federal Credit Union account xxxxxx4634. | $10,392.00 |
| 17 | 8/3/2021 | Wire transmission of a fraudulent application for UI/PUA in victim A.C's name, attempting to cause the fraudulent transfer of funds from the Ohio State Workforce Agency. | $0 |

In violation of Title 18, United States Code, Sections 1343.

## COUNTS 18 -34

### AGGRAVATED IDENTITY THEFT
### [18 U.S.C. § 1028A]

On or about the dates alleged herein in the District of Kansas and elsewhere, the

defendant,

### KYLIE CHARLES,

during and in relation to the execution and attempted execution of wire fraud and bank

fraud, knowingly and intentionally transferred, possessed, and used, without lawful

authority, a means of identification she knew to be of another person, those people known

to the Grand Jury, by using said means of identification in applying and/or obtaining funds

from a government program.

| Count | Date | Means of Identification and Transaction |
|-------|------|------------------------------------------|
| 18 | 5/10/2020 | The name and personal identifying information of L.P. to make a claim for unemployment benefits from the State of Kansas. |
| 19 | 7/21/2020 | The name and personal identifying information of J.W. to make a claim for unemployment benefits from the State of Kansas. |
| 20 | 7/29/2020 | The name and personal identifying information of J.G to make a claim for unemployment benefits from the State of Kansas. |
| 21 | 7/29/2020 | The name and personal identifying information of C.W to make a claim for unemployment benefits from the State of Kansas. |
| 22 | 8/7/2020 | The name and personal identifying information of A.H to make a claim for unemployment benefits from the State of Kansas. |
| 23 | 8/14/2020 | The name and personal identifying information of K.H to make a claim for unemployment benefits from the State of Kansas. |
| 24 | 10/2/2020 | The name and personal identifying information of A.H to make a claim for unemployment benefits from the State of Arizona. |
| 25 | 10/4/2020 | The name and personal identifying information of J.W to make a claim for unemployment benefits from the State of Arizona. |
| 26 | 10/22/2020 | The name and personal identifying information of K.H to make a claim for unemployment benefits from the State of Arizona. |
| 27 | 1/9/2021 | The name and personal identifying information of A.S to make a claim for unemployment benefits from the State of Arizona. |

| Count | Date | Means of Identification and Transaction |
|-------|------|----------------------------------------|
| 28 | 1/11/2021 | The name and personal identifying information of L.P to make a claim for unemployment benefits from the State of Arizona. |
| 29 | 3/13/2021 | The name and personal identifying information of A.R to make a claim for unemployment benefits from the State of Arizona. |
| 30 | 10/6/2020 | The name and personal identifying information of J.W to make a claim for unemployment benefits from the State of Ohio. |
| 31 | 10/31/2020 | The name and personal identifying information of K.H to make a claim for unemployment benefits from the State of Ohio. |
| 32 | 5/11/2021 | The name and personal identifying information of A.R. to make a claim for unemployment benefits from the State of Ohio. |
| 33 | 5/12/2021 | The name and personal identifying information of A.H. to make a claim for unemployment benefits from the State of Ohio. |
| 34 | 8/3/2021 | The name and personal identifying information of A.C. to make a claim for unemployment benefits from the State of Ohio. |

In violation of Title 18, United States Code, Sections 1028A and 2.

## FORFEITURE NOTICE

1.     The allegations contained in Counts 1-34 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses set out in Counts 1-17 of this Indictment,

the defendant shall forfeit to the United States of America, pursuant to Title 18, United

States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) any

property, real or personal, which constitutes or is derived from proceeds traceable to the

offenses, including but not limited to:

> A.      A forfeiture money judgment against the defendant in an amount
> equal to the amount of gross proceeds obtained or derived by the
> defendant from the commission of Counts 1-17.

3.      If any of the property described above, as a result of any act or omission

of the defendants:

> A.      cannot be located upon the exercise of due diligence;
>
> B.      has been transferred or sold to, or deposited with, a third party;
>
> C.      has been placed beyond the jurisdiction of the court;
>
> D.      has been substantially diminished in value; or
>
> E.      has been commingled with other property which cannot be divided
> without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).


A TRUE BILL.


April 15, 2025                        s/Foreperson
DATE                                   FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ Molly Gordon
MOLLY GORDON
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: molly.gordon@usdoj.gov
Ks. S. Ct. No. 23134

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

**PENALTIES**

## Counts 1-17: Wire Fraud

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1343.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 18-34: Aggravated Identity Theft [18 U.S.C. § 1028A]

- Punishable by a term of imprisonment of not more than two (2) years. 18 U.S.C. § 1028A.

- A term of supervised release of not more than one (1) year. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.